IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. 4:07-CV-8 |
| ) | |
| MAURICE PARR, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| MAURICE PARR, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Counter-Defendant ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Monsanto Company's Motion to Dismiss Under Rule 12(b)(6), filed on May 14, 2007; and (2) Motion for Stay of Proceedings, filed by Defendant and Counter-Plaintiff, Maurice Parr, on June 4, 2007.  For the reasons set forth below, the motion to dismiss is **DENIED as moot**.  The motion to stay is **DENIED**.

BACKGROUND

On February 9, 2007, Monsanto Company and Monsanto Technology LLC (hereinafter jointly referred to as "Monsanto") filed a complaint against Maurice Parr.  According to the allegations, Monsanto uses patented biotechnology to genetically improve soybeans.  These soybeans are marketed as Roundup Ready soybeans. Monsanto licenses the use of Roundup Ready to soybean growers through a limited use license referred to as a Technology Agreement.  The Technology Agreement prohibits soybean growers from saving harvested Roundup Ready soybeans for planting purposes, or from selling, transferring or supplying saved Roundup Ready soybeans to others for planting.  Simply, the use of the seed is limited to the production of a single commercial crop.  The planting of saved Roundup Ready soybean seed is a direct infringement on Monsanto's patents.

Maurice Parr owns and operates a mobile seed cleaning business in Lafayette, Indiana.  Parr travels to farms throughout the state of Indiana, cleaning various kinds fo seed, including soybean seed. Cleaning of the seed is necessary for problem-free planting. Monsanto alleges that despite Parr having been provided with notice of its patents, he continues to clean saved Roundup Ready soybean seed for growers to replant without Monsanto's authorization. Monsanto contends that Parr has intentionally misled growers into believing that their cleaning and planting of saved Roundup Ready seed would not and does not infringe Monsanto's patent rights, with

the purpose of inducing them to clean more of their Roundup Ready soybeans, for his own pecuniary gain.  Based upon Parr's alleged inducement of soybean growers to infringe upon Monsanto's patent rights in Roundup Ready soybean seed, Monsanto brought suit against him for patent infringement, seeking both injunctive and compensatory relief.

Maurice Parr has filed his answer and also counterclaimed against Monsanto Company.  In his answer, as his sixth affirmative defense, Parr asserts that "[a]ny statements or representations made by Parr to his customers are protected speech pursuant to the First Amendment of the United States Constitution."  In his counterclaim, Parr alleges Monsanto has tortiously interfered with his business relationships by threatening his customers not to continue doing business with him.  Parr alleges that Monsanto has tortiously interfered with his business relationships in an effort to deter Parr from exercising his constitutional rights to free speech.

The first motion for this Court's consideration is Monsanto's motion to dismiss Parr's counterclaim.  Monsanto reads Parr's counterclaim to essentially contain three separate claims: (1) tortious interference with business relationships; (2) invasion of privacy; and (3) denial of Parr's right to free speech under the First Amendment.  Based upon its reading of the counterclaim, Monsanto filed a motion to dismiss Parr's First Amendment counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, arguing that such a constitutional claim cannot be made against a private actor, such as Monsanto.

The second motion for consideration is Parr's motion to stay. One of Monsanto's patents at issue, U.S. Patent No. 5,352,605 (referred to as "'605") is being reexamined by the United States Patent and Trademark Office.  Parr argues that if this patent is found invalid, Monsanto's claims as to this patent would necessarily fail.  As such, Parr requests this Court to stay this litigation until a final determination has been made regarding the viability and enforceability of Monsanto's '605 patent.

DISCUSSION

Motion to Dismiss

Standard

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rules 8(a)(2) to provide ground of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

> Monsanto's motion to dismiss is moot because
> <u>Parr is not asserting a First Amendment counterclaim</u>

This motion is based upon a misunderstanding between the parties as to what exact claim Parr is setting forth in his counterclaim. Monsanto goes to great lengths in order to show that Parr cannot maintain a First Amendment counterclaim against it. However, Parr concedes that he is not asserting a stand alone First Amendment claim. (Opp. p. 3). Therefore, because Parr's counterclaim does not include a separate First Amendment claim brought via section 1983, Monsanto's motion is denied as moot. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996)(instructing that litigants waive arguments that they fail to assert). Instead, Parr maintains his counterclaim is that Monsanto has tortiously

interfered with Parr's business relationships.[1]  (Opp. p. 3).

From Parr's opposition to the instant motion, it seems apparent that he is only relying on the First Amendment as a shield, not a sword.  Parr's sixth affirmative defense is that he was and is permitted to make the alleged statements and/or representations to his customers pursuant to the First Amendment.  Monsanto has not sought to strike this affirmative defense and, as such, its viability is not at issue here.  Parr also mentions the First Amendment in his counterclaim, but only does so in an attempt to prove an element of his tortious interference with business relationship claim.  Monsanto does not attack this attempted use of the First Amendment and, like Parr's affirmative defense, is not at issue here.

Motion to Stay

As mentioned above, this lawsuit alleges that Parr induced various growers to violate Monsanto's patents, Patent Nos. '605 and 39,247 (hereinafter referred to as "'247").  According to Parr, the '247 patent was reissued on August 22, 2006.  Thus, Monsanto's claim for damages prior to August 22, 2006, would have to be based

---

[1] Parr does mention the First Amendment in his counterclaim.  This mentioning is explained in his opposition brief, wherein he sets forth that the speech which Monsanto is attempting to silence is protected speech.  In this context, Parr implicates the First Amendment in attempting to prove that Monsanto tortiously interfered with his business relationships without justification.  (See Opp. p. 6).  What is important to the instant motion is that Parr admits his counterclaim is not a separate First Amendment claim.

upon the '605 patent.

Currently, the U.S. Patent and Trademark Office is reexamining the '605 patent to determine whether or not that patent is valid. Parr has filed the instant motion requesting a stay pending the U.S. Patent and Trademark Office's determination as to the viability and enforceability of the '605 patent.

To determine whether to grant a motion to stay, this Court considers:

> (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court.

*Centillion Data Systems, LLC v. Convergys Corp.*, No. 1:04-CV-73, 2005 WL 2045786 *1 (S.D. Ind., Aug 24, 2005).

Parr argues that to continue this litigation while the U.S. Patent and Trademark Office makes its reexamination of '605 would be to waste both the Court's and the parties' resources. Despite this, the Court finds that balancing the relevant factors does not favor a stay.[2] To start, it is likely that Monsanto will be unduly prejudiced by the stay. Assuming the allegations of the complaint to be true, any delay in these proceedings would allow Parr to continue to induce infringement of Monsanto's patents. Moreover, this Court does not believe that a stay will simplify the issues or streamline the trial in any significant way. Monsanto's claim in

---

[2] Notably, aside from his general proposition of conserving resources, Parr fails to address the relevant factors set out in *Centillion Data Systems*.

this case is whether Parr induced infringement of two of its patents.  The analysis to determine whether or not Parr induced infringement of patent '605 is seemingly the same to determine whether Parr induced infringement of patent '247.  Thus, even if '605 were invalidated, this would not simplify the issues or streamline the trial because the same question would remain: did Parr induce infringement of Monsanto's patent.  Finally, a stay would not reduce the burden of litigation on the parties or the Court.  As already mentioned, the issue of determining whether Parr's actions constitute inducement to infringe upon Monsanto's patents remains unchanged even if '605 is deemed invalid.

The only possible benefit of granting a stay would be to reduce the time period of Parr's potential liability.  If '605 was ultimately deemed invalid, Monsanto would presumably not be entitled to recover for any of Parr's pre-August 22, 2006 activity.  However, reducing the time period of Monsanto's potential liability is simply insufficient for this Court to grant a stay of the litigation at this juncture.

CONCLUSION

For the reasons set forth above, the motion to dismiss is **DENIED as moot.**  The motion to stay is **DENIED.**

**DATED:  September 21, 2007**         /s/RUDY LOZANO, Judge
                                       **United States District Court**