**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY, LLC ) | |
|     Plaintiffs, ) | |
| ) | |
| v.  ) | CAUSE NO.: 4:07-CV-08-AS-PRC |
| ) | |
| MAURICE PARR, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion to Compel More Complete Discovery Responses and to Compel Defendant's Deposition [DE 45], filed on October 2, 2007; and a Motion to Compel Discovery [DE 48], filed by the Defendant, Maurice Parr ("Parr"), on October 5, 2007. Parr responded to the Plaintiffs' (collectively, "Monsanto") Motion to Compel on October 5, 2007, and Monsanto replied on October 17, 2007. Monsanto responded to Parr's Motion to Compel on October 22, 2007, and Parr replied on October 25, 2007. Monsanto and Parr, in their respective Motions, certify pursuant to Local Rule 37.1 that they attempted in good faith to settle their discovery disputes without court intervention. The Motions are now fully briefed and before the Court.

Monsanto filed its Complaint in this matter on February 9, 2007, alleging that Parr induced others to infringe on certain patents held by Monsanto. Monsanto is a company that has developed patented biotechnology used in growing soybeans. The patents at issue in this case are for Roundup Ready, a biotechnology that genetically improves soybeans. Parr owns and operates a mobile grain cleaning business in Lafayette, Indiana. Monsanto contends that Parr intentionally misled soybean growers into believing that their use of Monsanto's Roundup Ready product would not infringe Monsanto's patent rights, when in fact it did.

On September 27, 2007, Parr filed a Motion for Summary Judgment and supporting memorandum of law. Monsanto has not responded to the Motion for Summary Judgment. On October 29, 2007, Monsanto filed a motion, which contends that the proceedings are not developed to a point where summary judgment is appropriate, and that further written discovery and depositions must occur before an informed ruling on summary judgment can be made. Both motions are currently pending.

### A. Monsanto's Motion to Compel

In its Motion, Monsanto represents that Parr failed to adequately respond to five interrogatories and three requests for production, and has failed to appear for a deposition. Monsanto requests that the Court compel Parr to adequately respond to previously issued written discovery and to appear for a deposition.

*1. Interrogatories and requests for production*

Monsanto specifically alleges that Parr evasively answered four interrogatories and improperly objected to and refused to answer one additional interrogatory. Monsanto also alleges that Parr failed to respond to three requests for production. Federal Rules of Civil Procedure 33 and 34 provide for the serving of interrogatories and requests for production of documents without leave of court, and the receiving party is required to fully answer the interrogatory or completely respond to the request for production. *See* Fed. R. Civ. P. 33 and 34.

The four interrogatories that Monsanto alleges were answered evasively, interrogatories number two, three, four, and five, seek information regarding the identities of customers for whom Parr cleaned Roundup Ready soybean seed since January 2001, and the type of work that Parr has performed for those customers. Parr responded to all four interrogatories in the same manner, which is summarized by his answer to interrogatory number two, "Unknown. Parr does not maintain any records which would identify each person for whom Parr has cleaned soybean seed[s] from January

2

2001 to the present." Pls.' Mot. Compel at 1-2. However, in his response to the Motion to Compel, Parr either alters or further explains his answers, stating that he is "unable to provide any further response to these interrogatories because Parr does not know which of his customers plant Roundup Ready® soybeans as opposed to some other company's soybeans." Def.'s Resp. at 2.

Parr also states that after the interrogatories were propounded, Monsanto issued subpoenas duces tecum on two banks with which Parr does business and was able to obtain all of Parr's financial records. Parr maintains that these financial records contain all of the relevant information that Parr would ever be able to produce regarding his customers and that the information sought in the interrogatories is thus now a moot point. Monsanto contends that although it was able to obtain financial information from Parr's banks, it is still entitled to Parr's sworn responses to the previously issued interrogatories.

The Federal Rules of Civil Procedure allow for discovery of a wide range of information. The rules authorize discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Court finds that the information requested by Monsanto in interrogatories two, three, four, and five is relevant to this matter and that Monsanto is entitled to receive responses from Parr rather than rely solely on a search of Parr's bank records. Monsanto's sole claim in this matter alleges that Parr induced his customers to use Roundup Ready in a manner that infringed upon patents held by Monsanto. In order to prove that claim, Monsanto must at some point know the identity of Parr's customers. Thus, the information sought in the four interrogatories at issue is at the heart of Monsanto's claim and it is likely that any information produced by Parr in response to the interrogatories will uncover relevant information.

Finding that Parr initially denied that he had any of the information requested in the four interrogatories at issue, then back tracked as to that denial in his response to Monsanto's Motion, the

Court grants Monsanto's Motion to Compel to the extent that it seeks the identities and information regarding Parr's customers. The Court orders Parr to provide all available information sought in the four interrogatories.

The final interrogatory at issue, interrogatory number six, requests that Parr identify customers with whom he has made an appointment to clean soybean seed, or with whom he has communicated an interest to clean soybean seed, for the 2007 planting season. Parr did not answer the interrogatory and objected to the information sought as irrelevant. The interrogatory seeks information concerning future business not yet conducted by Parr, which has not resulted in any infringement to date. Because the information sought has not yet resulted in infringement, and it is uncertain whether it will lead to any future infringement, the Court finds that the list of prospective customers sought in interrogatory number six is not relevant to Monsanto's claim and is beyond the scope of discoverable information at this point in the litigation. The Court therefore denies Monsanto's Motion to Compel to the extent that it seeks information regarding future business dealings. However, the Court finds that any business that Parr has conducted thus far in 2007 falls within the ambit of interrogatories number two, three, four, and five, and orders Parr to produce such information to Monsanto.

Monsanto also seeks to compel Parr to comply with three requests for production. The first request for production requests that Parr provide his income tax returns from 2001 through 2006. Parr objected to the request on the basis that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Monsanto contends that the requested tax returns are relevant in two ways: first they will assist in an accurate damage calculation, and second any schedules filed with the tax returns may give Monsanto insight into Parr's customer base and business model for cleaning soybean seeds. The Court agrees that the tax returns are relevant to this matter and grants Monsanto's request that Parr produce his tax returns but with relief different than that requested. The

4

Court orders Parr to produce complete federal income tax returns or complete summaries of his federal income tax returns from 2001 through 2006, containing any and all information concerning the profits and costs of Parr's soybean seed cleaning activities.

The final two requests for production for which Monsanto seeks an order compelling Parr's cooperation request "a copy of all invoices, bills, receipts, delivery tickets, scale tickets, weight tickets, account summaries, and other documents which [Parr] provided to [his] seed cleaning customers representing all seed cleaning services rendered or provided from January 2001 to present" and the same documents for those customers identified in interrogatories three and four.  Pl.'s Mot. Compel at 6-7.  Parr responded that he did not have copies of such documents and does not maintain copies of documents provided to his customers from January 2001 to present.  The Court denies Monsanto's Motion as it pertains to the two requests for production, finding that Parr responded to Monsanto's requests.  If Monsanto is dissatisfied with Parr's responses, which were direct responses to Monsanto's requests, Monsanto may, if it so chooses, follow up with more specific requests about the possible existence of such records at some point in time or whether the records are in the possession of some other person and what types of records Parr does maintain.

*2. Parr's deposition*

Monsanto seeks to compel Parr to appear for a deposition.  Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2) [listing exceptions not applicable in this case]."  Fed. R. Civ. P. 30(a)(1) (emphasis added).

Here, Monsanto attached correspondence to its Motion wherein counsel for Parr states, "until Monsanto chooses to end this stonewalling and demonstrates some good faith by providing the information which we have requested . . . we must decline your request to produce Mr. Parr for

5

deposition." Pl.'s Mot. Ex. 3 at 1.  The "stonewalling" to which Parr's counsel refers is the subject of Parr's Motion to Compel and concerns interrogatory requests for facts, dates, names of witness, and the documents that Monsanto believes support its case.  Parr's contention that Monsanto has not properly complied with the discovery process is addressed in this Opinion and Order, *infra*.  The Court finds that pursuant to Federal Rule of Civil Procedure 30(a)(1), Parr is required to submit for a deposition.  The Court thus grants Monsanto's Motion and orders that the parties confer in good faith to schedule the deposition of Parr and that the scheduling be completed by November 21, 2007, with the deposition to be held within a reasonable period of time thereafter.

### B.  Parr's Motion to Compel

In his Motion, Parr contends that Monsanto's responses to his fourteen interrogatories were evasive and unresponsive and fail to identify any fact, any witness, or any document that would support the allegations contained in Monsanto's Complaint.  Parr contends that Monsanto's responses to all fourteen interrogatories were inadequate but he only submits specific arguments with regard to interrogatories one and five through thirteen.  In its response to Parr's Motion, Monsanto points out that Parr submitted fourteen interrogatories and that all but three of the interrogatories contain at least five subparts.  Monsanto states that in total Parr submitted seventy-five interrogatory questions.

Monsanto's response to Parr's Motion does not focus on the total number of interrogatories propounded by Parr, rather, Monsanto contends that nearly all of Parr's interrogatories are "contention interrogatories" that involve mixed questions of law and fact and that it is not appropriate for Monsanto to respond to such interrogatories at this stage of the litigation.

Federal Rule of Civil Procedure 33(c) provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, *but the court may order that such an interrogatory*

6

> *need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time*.

Fed.R.Civ.P. 33(c) (emphasis added). The advisory committee notes provide some clarification as to timing:

> Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge.

Fed. R. Civ. P. 33(c) advisory committee notes (1970 Amendments).

Monsanto compares Parr's interrogatories to interrogatories seen by this Court in *In Re H&R Block Mort. Cop.*, No. 2:06-MD-230, 2007 WL 3692431 (N.D. Ind. Dec. 13, 2006). In *H&R Block*, the Court found that interrogatories propounded by the defendant requesting information regarding the central issues of the plaintiffs' claims were contention interrogatories and did not need to be answered until after the close of discovery. *See id.* at *4-5.

Here, the interrogatories at issue request information pertaining to the substance of Monsanto's Complaint and the contentions contained within the Complaint. For example, interrogatory one states:

> With regard to the allegations in paragraph 18 of your Complaint that Defendant knowingly cleaned saved Roundup Ready® soybean seed for growers to replant, and that the saved Roundup Ready® soybean seed which the Defendant has cleaned has been planted by soybean growers without Monsanto's authorization, please state: . . . Whether you contend that the act of cleaning Roundup Ready® soybeans is, itself, an infringement of the '605 patent, and if so, please identify with particularity how and why cleaning soybeans is an infringement of the '605 patent. . . .

Def.'s Mot. to Compel, Ex. A at 3. Interrogatory one goes on to request, in nine subparts, factual information regarding Monsanto's claim and explanation of the legal theory behind the claim. Interrogatories two and three request similar information regarding paragraphs nineteen and twenty

7

of the Complaint. Interrogatories number twelve and thirteen similarly request information as to Monsanto's contention that Parr infringed upon certain patents and ask Monsanto to identify facts, witnesses, and documents supporting Monsanto's theory of infringement.

The Court grants in part and denies in part Parr's Motion to Compel as it pertains to interrogatories one, two, three, twelve, and thirteen. The Court orders Monsanto to provide Parr with written responses that may be summary rather than detailed and the Court finds that Monsanto's responses to these interrogatories are preliminary responses only; they are intended to provide some basic information upon which Parr may construct additional discovery requests. Monsanto's preliminary responses do not foreclose it from raising new, unforeseen, or different contentions and related facts in its deferred final and complete responses. The full responses by Monsanto are deferred pursuant to Federal Rule of Civil Procedure 33(c) until July 1, 2008, there being no existing discovery deadline.

Parr does not object to Monsanto's response to interrogatory number four, which requests an explanation of Monsanto's general theory for the purpose of cleaning soybean seeds. Interrogatory number five seeks information regarding Monsanto's surveillance of Parr. In response, Monsanto states that it is in the process of compiling the information from its surveillance and will make the information available. The Court orders that once compiled, Monsanto promptly make information regarding its surveillance available to Parr.

Interrogatory number six requests information regarding Monsanto employees who have communicated with soybean growers concerning Parr's activities. Monsanto objected to the interrogatory on the basis that it is overly broad, unduly vague and burdensome, and is not relevant to a claim or defense in this case. The Court disagrees and finds that interrogatory number six requests specific and identifiable information that directly relates to Parr's potential defense in this

8

matter. In addition, the interrogatory will likely uncover information relevant to Parr's defense. The Court orders Monsanto to provide the information requested in interrogatory number six as soon as reasonably possible.

Interrogatory number seven asks whether Monsanto has threatened legal action against any soybean grower customers of Parr and, if so, to identify those soybean growers. Monsanto objects to the interrogatory, contending that it is vague and ambiguous. However, Monsanto states that it has settled claims with several soybean growers who have saved Roundup Ready soybeans cleaned by Parr and that it will provide that information in response to the interrogatory. The Court orders Monsanto to promptly provide this information to Parr as soon as it is available.

Interrogatories eight through ten seek information from Monsanto as to the identity of any individual who has knowledge about Monsanto's claim, any document that pertains to Monsanto's claim, and any statement relevant to Monsanto's claim. Monsanto objects to the interrogatories, contending that they are unduly vague and ambiguous, they make boundless requests for information, and they invade information protected by the attorney work product privilege. The Court denies Parr's Motion to the extent that the interrogatories request communications between Monsanto employees or agents and a Monsanto attorney because that information is privileged. The Court also denies Parr's Motion to the extent that the interrogatories request communications or documents that constitute attorney work product, which is also privileged. The Motion is otherwise granted as it pertains to interrogatories eight through ten and the Court orders Monsanto to promptly provide this information.

Parr does not object to interrogatory number fourteen, which requests information regarding the damages that Monsanto seeks in this matter.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Plaintiffs' Motion to Compel More Complete Discovery Responses and to Compel Defendant's Deposition [DE 45], and **GRANTS in part and DENIES in part** the Motion to Compel Discovery [DE 48]. The Court **ORDERS** that the parties comply with the foregoing rulings in this Opinion and Order, which are summarized as follows: (1) that Parr respond to Monsanto's interrogatories number two, three, four, and five and partially respond to interrogatory number six, if possible; (2) that Parr turn over his 2001 through 2006 federal income tax returns, or summaries that comply with the Court's Order; (3) that the parties confer in good faith to schedule Parr's deposition; (4) that Monsanto provide preliminary responses to Parr's interrogatories numbers one, two, three, twelve, and thirteen; (5) that Monsanto make information available in response to Parr's interrogatory number five, once compiled; (6) that Monsanto respond to interrogatories numbers six and seven; and (7) that Monsanto respond to interrogatories eight through ten to the extent that the information sought is not privileged. The Court further **ORDERS** that the parties produce the discovery responses provided for in this Order on or before **December 14, 2007**.

A failure by the parties to comply with this Opinion and Order may result in sanctions imposed by the Court under Federal Rule of Civil Procedure 41.

SO ORDERED this 14th day of November, 2007.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record

11